# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

**ELIEZER MELSE,**

      **Plaintiff,**

**v.**                                     **Case No: 5:24-cv-544-KKM-PRL**

**CAPITAL BANK, N.A. and
EXPERIAN INFORMATION
SOLUTIONS, INC.,**

      **Defendants.**

_____

### ORDER

Plaintiff Eliezer Melse, who is proceeding *pro se*, filed this action against Defendants Capital Bank, N.A., d/b/a Opensky, and Experian Information Solutions, Inc. (Doc. 1). Plaintiff seeks to proceed in forma pauperis. (Doc. 2). For the reasons explained below, Plaintiff's motion to proceed in forma pauperis is taken under advisement and, in an abundance of caution, Plaintiff will be given an opportunity to amend the complaint.

## I.   LEGAL STANDARDS

An individual may be allowed to proceed in forma pauperis if he declares in an affidavit that he is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed in forma pauperis, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit *sua sponte*. *Id.*

The phrase "fails to state a claim upon which relief may be granted" has the same meaning as the similar phrase in Federal Rule of Civil Procedure 12(b)(6). *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), and we will apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii)."). To survive both section 1915 and Rule 12(b)(6) review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* In short, to survive this initial review a plaintiff must allege something more "than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555).

## II.   DISCUSSION

Plaintiff initiated this action by filing a petition entitled "Plaintiff's Motion to Compel Arbitration and to Require Defendants to Pay Arbitration Fees," requesting that the Court enter an Order compelling Defendants to proceed to arbitration pursuant to the Federal Arbitration Act ("FAA") and pay the necessary arbitration fees. (Doc. 1). In summary, Plaintiff alleges that he entered into a cardholder agreement regarding an Opensky secured credit card, and that the agreement included a binding arbitration provision. Plaintiff further alleges that, by its terms, the arbitration provision extends to parties named as co-defendants, such as Experian Information Solutions, Inc. (Doc. 1 at 2). Plaintiff contends that his demand

for arbitration was pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq., and the Florida Unfair and Deceptive Trade Practices Act, Fla. Stat. § 501.201, et seq. (Doc. 1 at 2).

Plaintiff further alleges that he filed an arbitration demand with the Judicial Arbitration and Mediation Services, Inc. ("JAMS"), both Defendants raised objections, and JAMS advised him that it could not proceed with administering arbitration. As set forth in its correspondence included with Plaintiff's complaint, JAMS stated that, under the cardholder agreement, disputes about the validity, enforceability, coverage, or scope of the arbitration agreement are for a court and not an arbitrator to decide. (Doc. 1 at 22). Therefore, Plaintiff initiated this action to compel arbitration on October 4, 2024. (Doc. 1).

As a general matter, the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, et seq., governs the interpretation and enforceability of arbitration provisions. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983) (noting that the FAA "[creates] a body of federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the Act."). *See* 9 U.S.C. § 4 ("A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which . . . would have jurisdiction under title 28. . . of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner in such agreement."). The Eleventh Circuit has recognized and approved "freestanding" arbitration petitions like the one filed in this case. *See Cmty. State Bank v. Strong*, 651 F.3d 1241, 1255 (11th Cir. 2011) ("[I]n the case of freestanding [arbitration] petition[s], by definition, there is no preexisting litigation defining

- 3 -

the parties' controversy to structure the court's inquiry."). Thus, the Court must determine whether it may exercise jurisdiction over Plaintiff's petition.

Jurisdiction is a threshold issue in any case pending in the United States district court. Indeed, federal courts are courts of limited jurisdiction, which are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of So. Ala. v. Am. Tobacco Co.,* 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Subject matter jurisdiction, therefore, is a threshold inquiry that a court is required to consider before addressing the merits of any claim, and may do so *sua sponte* (that is, on its own). *See Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) (raising *sua sponte* the issue of federal court jurisdiction).

Federal jurisdiction is based on either federal question jurisdiction or diversity of citizenship jurisdiction. *See* 28 U.S.C. §§ 1331, 1332; *Walker v. Sun Trust Bank*, 363 F. App'x 11, 15 (11th Cir. 2010). The FAA been referred to as "something of an anomaly in the field of federal-court jurisdiction" because while it "creates a body of federal substantive law . . . it does not create any independent federal-question jurisdiction." *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n.32 (1983). Instead, the FAA requires an independent jurisdictional basis over the parties' dispute for the Court to exercise jurisdiction. *See Cmty. State Bank*, 651 F.3d at 1252 ("It is a long-accepted principle that the FAA is non-jurisdictional: The statute does not itself supply a basis for federal jurisdiction over FAA petitions.") (quoting *Vaden v. Discover Bank*, 556 U.S. 49, 58 (2009)); *Vaden*, 556 U.S. at 59 (holding that the FAA "'bestow[s] no federal jurisdiction but rather requir[es] [for access to a

federal forum] an independent jurisdictional basis over the parties' dispute.") (quoting *Hall Street Assocs., LLC v. Mattel, Inc.*, 552 U.S. 576, 581-82 (2008).

Here, beyond merely referencing the FCRA as the basis of his arbitration demand, Plaintiff does not offer any well-pled facts regarding his underlying FCRA claim. Because Plaintiff has failed to allege a sufficient basis for his FCRA claim and has failed to state a claim upon which relief can be granted, the Court is unable to determine the existence of federal question jurisdiction. Meanwhile, Plaintiff has neither established nor attempted to establish diversity of citizenship jurisdiction.

Plaintiff's mere references to federal statutes do not provide the necessary factual detail to establish jurisdiction. *See Illinois Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 (5th Cir. 1983) ("[E]ven though a particular statute or rule need not necessarily be cited by name—it is generally agreed that the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere reference.") (internal quotations omitted). Further, Plaintiff cannot establish federal question jurisdiction simply by invoking the FAA in his petition to obtain jurisdiction. *See PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1304-05 (11th Cir. 2016) ("[T]he FAA does not contain its own statutory grant of jurisdiction and does not create federal question jurisdiction, [therefore,] the district court must have diversity jurisdiction over the original parties to entertain prearbitration proceedings.").

Out of an abundance of caution, the Court will provide Plaintiff with an opportunity to file an amended petition to clarify the bases for his claims. Plaintiff must provide the Court with sufficient information and in a coherent manner so that it can perform the review required under § 1915. The amended petition must clearly state the basis for the Court to

exercise jurisdiction over Plaintiff's claims. Moreover, Plaintiff must clearly allege the legal theory or theories upon which he seeks relief and explain with sufficient factual allegations how each defendant is responsible. Plaintiff should carefully consider whether he can allege a claim in good faith because pursuing frivolous claims could lead to the imposition of sanctions.

### III.   CONCLUSION

Accordingly, Plaintiff's motion to proceed in forma pauperis (Doc. 2) is **TAKEN UNDER ADVISEMENT**, and Plaintiff shall have until **November 26, 2024** to file an amended petition. The amended petition must comply with all pleading requirements contained in Rules 8, 9, 10, and 11 of the Federal Rules of Civil Procedure as well as those contained in the Local Rules of the Middle District of Florida. Failure to comply with this Order may result in a recommendation that this action be dismissed for failure to prosecute pursuant to Local Rule 3.10.

Further, Plaintiff is cautioned that despite proceeding *pro se*, he is required to comply with this Court's Local Rules, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence. Plaintiff may obtain a copy of the Local Rules from the Court's website (http://www.flmd.uscourts.gov) or by visiting the Office of the Clerk of Court. Also, resources and information related to proceeding in court without a lawyer, including a handbook entitled "Guide for Proceeding Without a Lawyer," can be located on the Court's website (http://www.flmd.uscourts.gov/pro_se/default.htm). Plaintiff should also consult the Middle District of Florida's Civil Discovery Handbook for a general discussion of this District's discovery practices (http://www.flmd.uscourts.gov/civil-discovery-handbook).

**DONE** and **ORDERED** in Ocala, Florida on October 24, 2024.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties